UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DALE ROBERTSON,<br>    PLAINTIFF<br>  -against-<br><br>JACQUELINE FLEURINORD, A.K.A<br>JACQUELINE FLUERINORD, CITY OF NEW YORK, CITY OF WESTCHESTER,<br>ELMSFORD POLICE DEPARTMENT, P.O. ANTHONY LOPEZ, SHEILD #: 47, P.O. CHRISTOPHER BUJARSKI, SHEILD#: 51, NEW YORK CITY POLICE DEPARTMENT, N.Y.P.D. P.O. JOHN THEOS SHEILD#: 9411 | AMENDED COMPLAINT<br><br>Docket#: 23-cv-4977 (JGK)<br>NON JURY TRIAL |

PLAINTIFF DALE ROBERTSON, PRO-SE, complaining of the DEFENDANTS, respectfully alleges as follows:

PRELIMINARY STATEMENT

1. PLAINTIFF brings this action for damages and attorneys fees pursuant to 42 U.S.C. SECTIONS 1983, 1985, 1986, AND 1988, for the wrongful acts of Defendants City of New York, City of Westchester, Police Officers Lopez, Bujarski, and Theos, and Immigrant U.S. Citizen Jacqueline Fleurinord, as Officers of the New York City and Westchester Police Departments and other agencies of the State of New York, all acting under color of law and pursuant to their authority in violation of Plantiff's rights under the Constitution and laws of the United States and of the State of New York.

JURISDICTION

2. This action is brought pursuant to 42 U.S.C. Sections 1983, 1981, 1982, 1985, 1988 and 1987, and the Fourth, Fifth, Sixth, Eigth, and Fourteenth Amendments to the United States Constitution, as well as New York Constitution, Article 1, Sections 6 and 12.

3. Jurisdiction is invoked pursuant to 28 U.S.C. Sections 1331, 1343, this ~~being a action seeking redress for the violation of Plantiffs constitutional~~ and civil rights, malicious prosecution, false arrest or false imprisonment based on the criminal acts of defendant FLUERINORD, reckless investigation, abuse of process, denial of due process of law, the intentional infliction of emotional distress, intentional submission of false statements and documents, defamation, slander, libel, perjury, conspiracy committed to deprive the plaintiff of his constitutionally guaranteed rights negligence by supervisors to prevent conspiracy committed intentionally against the plaintiff, fraud, excessive force, injurious falsehood, harassment, assault, conspiracy committed to interfere with plaintiff's civil rights as well as the inhumane and cruel treatment of the plaintiff committed by the defendant.

4. Supplemental Jurisdiction is invoked pursuant to 28 U.S.C. Section 1367 as to any and all of the plaintiff's claims arising under New York State Law as such claims share a common nucleus of operative facts with plaintiff's federal claims herein. SUPPLEMENTAL JURISDICTION is invoked pursuant to 28 U.S.C. Section 1402(b) as well due to the criminal actions of the defendants.

5. Venue is properly laid in this District under 28 U.S.C. Section 1391(b), this being the District in which the claim arose.

6. Plaintiff demands a trial by Non Jury on each and everyone of his claims as pled herein pursuant to Fed. R. Civil. P. 38(b).

7. Plaintiff requests permanent injunctive relief and declaratory judgement in the dismissed state action of People v. Robertson, docket No. CR-012651-20BX, on the grounds the evidence used to prosecute this action was in violation of the plaintiff's constitutional rights and the proceeding itself violated the Constitution both Federally and in regards to the State's Constitution and as well is arbitrary to the Criminal Procedure of Law of the State of New York under color of law. The plaintiff requests that the Court declare that the actions of the defendants in the case of People v. Robertson, docket No. CR-012651 were illegal and to stop the continuance of unnecessary harassment brought in bad faith by the prosecution in the state's dismissed action, which is derived from an action that never reached the State Court's Grand Jury, was derived from an action that was unconstitutional in itself and was dismissed and the record was originally ordered sealed, the plaintiff asks the Court to review the presentation of the State's case, and invoking criminal sanctions upon the defendants as well as monetary compensation for the malicious prosecution pursuant to the

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

The Fourth, Fifth, Sixth, Eigth, and Fourteenth Amendments to the United States Constitution

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, __Dale Jamal Robertson__ is a citizen of the State of
(Plaintiff's name)

__New York__
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, __The City of New York et al.__, is a citizen of the State of
(Defendant's name)

__New York__

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____

If the defendant is a corporation:

The defendant, __City of N.Y. & Westchester__ is incorporated under the laws of the State of __New York__

and has its principal place of business in the State of __New York__

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in __New York City, Westchester County__

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

__Dale__            __J.__              __Robertson__
First Name          Middle Initial      Last Name

__1027 East 211 Street__
Street Address

__Bronx__                    __N.Y.__           __10469__
County, City                 State              Zip Code

__929 664 2816__                   __dale j211@gmail.com__
Telephone Number                   Email Address (if available)

Page 3

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
First Name: Jacqueline
Last Name: Fluerinord or Fleurinord
Current Job Title (or other identifying information): Cashier at Target
Current Work Address (or other address where defendant may be served): 11 Beaufort Street
County, City: White Plains
State: N.Y.
Zip Code: 10607

Defendant 2:
First Name: Anthony
Last Name: Lopez (Shield #: 47)
Current Job Title (or other identifying information): Police Officer
Current Work Address (or other address where defendant may be served): 15 South Stone Avenue
County, City: Elmsford
State: N.Y.
Zip Code: 10523

Defendant 3:
First Name: Christopher
Last Name: Bujarski (shield # 51)
Current Job Title (or other identifying information): Police Officer
Current Work Address (or other address where defendant may be served): 15 South Stone Avenue
County, City: Elmsford
State: N.Y.
Zip Code: 10523

Defendant 4: John Theos (shield# 9411)
First Name / Last Name

Police Officer
Current Job Title (or other identifying information)

300 Gold Street
Current Work Address (or other address where defendant may be served)

Brooklyn / N.Y. / 11201
County, City / State / Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: 200 West Main Street, Elmsford, N.Y.

Date(s) of occurrence: September 7, 2020

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

On September 7, 2020, after robbing the Plaintiff in his hotel room located at 200 West Main Street in Elmsford, Defendant Fluerinord fled the scene after robbing the plaintiff for his rental car (Enterprise), over $4,000.00 in cash U.S. currency, over $5,000.00 in clothing and personal property, a cell phone and recretional marijuana, to cover up her crime defendant Fluerinord filed a balantly false police report and filed a false complaint, accusing the Plaintiff of false allegations. The Plaintiff was sleeping at the time the defendant robbed him. After waking up and discovering he had been robbed by Fluerinord, the plaintiff called 911 and the Police Department, during the 911 call, Plaintiff explained to the operator that defendant Fluerinord robbed him for his rental car, cellphone, property and cash, however, Defendants City of New York and City of Westchester

Page 5

Defendant 4: John Theos (shield # 9411)
            First Name    Last Name

Police Officer
Current Job Title (or other identifying information)

300 Gold Street
Current Work Address (or other address where defendant may be served)

Brooklyn          N.Y.         11201
County, City      State        Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: 200 West Main Street, Elmsford, N.Y.

Date(s) of occurrence: September 7, 2020

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

On September 7, 2020, after robbing the Plaintiff in his hotel room located at 200 West Main Street in Elmsford, Defendant Fluerinord fled the scene after robbing the plaintiff for his rental car (Enterprise), over $4,000.00 in cash U.S. currency, over $5,000.00 in clothing and personal property, a cell phone and recretional marijuana, to cover up her crime defendant Fluerinord filed a balantly false police report and filed a false complaint, accusing the Plaintiff of false allegations. The plaintiff was sleeping at the time the defendant robbed him. After waking up and discovering he had been robbed by Fluerinord, the plaintiff called 911 and the Police Department, during the 911 call, Plaintiff explained to the operator that defendant Fluerinord robbed him for his rental car, cellphone, property and cash, however, Defendants City of New York and City of Westchester

Page 5

On September 7,2020, After Defendant Fleurinord robbed the plaintiff and fled the hotel the plaintiff woke up in his hotel room and discovered his former girlfriend robbed him as was in shock and the plaintiff went outside the hotel briefly hoping to catch a glimpse of Fleurinord but she had already fled the hotel area. The plaintiff then attempted to call defendant fleurinord using a loaned cell phone he left a message and requested that she return the stolen property the Defendant never answered but Instead filed false charges against the plaintiff to mask her own Criminal wrongdoings. Defendant FLEURINORD then used the Westchester County and Bronx County's Police force to falsely arrest the plaintiff on false unfounded charges based purely On Defendants false allegations knowing they were false she still Swore to the authorities they were true, in order to falsely maintain her Innocence defendant pressed false charges maliciously it was her Goal to destroy the plaintiff life and to rob him of his possessions and property so she used the police as accomplices and enforcers just to target the plaintiff and lied to them or deliberately submitted perjurious testimony or documents in that she had been kidnapped, raped, and Assaulted by the plaintiff and knew that such occurances simply did not happen and there was no evidence of any crimes Committed by the plaintiff but based on the Defendants false Statements they sought out to arrest the plaintiff falsely, maliciously and with criminal intent.

While Defendants were conspiring to falsely arrest the plaintiff, the Plaintiff however, was requesting for the arrest of defendant Fleurinord, the plaintiff had no knowledge of the false charges before his false arrest he was upset over being robbed After attempting to contact the defendant and receiving no Answer the plaintiff borrowed a phone again and called 911 And during his 911 call on that same day he reported that his Enterprise Rental car and property had been stolen, he identified the robber As Defendant FLEURINORD and requested she be arrested. He was then told to wait in the hotel parking lot and the police were on the way. WHEN the Greenburg Police arrived they asked the Plaintiff why did he call 911 he informed them that his rental Car, money, clothes, and cell phone was stolen by defendant FLEURINORD and after that they arrested him on false charges, Despite the obvious evidence of a crime being committed against the Plaintiff the Defendants never arrested Defendant FLEURINORD on the crimes she Committed, this deliberate indifference to not charge defendant FLUERINORD with any wrongdoing not only violated the defendants own rules, laws, customs, procedures and policies it also violated the plaintiff's constitutional rights and it is clear that all of the defendants where conspiring against the plaintiff at this point as the plaintiff begged them to charge the Defendant Fluerinord with car theft, or robbery but they refused, instead the Plaintiff was then tortured and overly restrained handcuffed so tight the plaintiff then went into cardiac arrest due to the assault and excessive force That was committed by the arresting police officers and had to be later treated at a assigned hospital. The Westchester County and BRONX COUNTY then conspired with defendant FLEURINORD to cover up her robbery, she admitted to the police officers that She robbed the plaintiff and stole his car but instead of arresting Or filing charges they covered her tracks and then put the rental car in impound without ever notifying the plaintiff or its owner of its location over ever providing the plaintiff the opportunity to inspect the vehicle or retrieve any personal property or see if there was any left after the defendants stole everything to the plaintiff's belief the defendants acted in concert and stole the possessions inside the car and shared or allowed defendant

FLEURINORD to keep the Items she stolen from the plaintiff earlier that day Defendants City of New York and City of New York negligently failed to train, supervise, and guide the Defendants because of that failure the defendants were allowed to do many crimes against the plaintiff. Never once was Plaintiff's Rental Vehicle, money, or property that Defendants stole from the plaintiff Returned to him, or even vouchered and even after the prosecuting district attorneys associated with the malicious prosecution of the plaintiff stated to all law enforcement involved that the vehicle Was stolen by defendant FLEURINORD and not being used as evidence and was to be returned to the plaintiff so he can retrieve his personal property the Defendants futhered their conspiracy against the plaintiff and then hid the stolen car and refused to give access to the plaintiff to retrieve whatever Property that remained that the defendants didnt already steal the defendants were aware that defendant FLEURINORD stole from the plaintiff and despite New York City, and Westchester County rules, policies, and procedures the Police Officers involved In the arrest, confinement, and evidence storage (known to the Plaintiff as P.O. Theos, P.O. Lopez and P.O Bujarski acted in a criminal manner while on duty during the Time of the plaintiff's malicious and false prosecution and the defendants City of New York and City of Westchester failed to properly supervise, train, manage and oversee these police officers and acted deliberately indifferent when the plaintiff notified the Internal affairs unit and filed a complaint (see, Internal Affairs Bureau, REF: IAB 202006830). The plaintiff made several attempts to retrieve the property in person at the New York City Courts, Greenburg Police Station and White Plains Police Staion but the defendants repeatedly lied to him that first the car was never recovered, in furtherance of their conspiracy, they said they were holding it in police impound as evidence but denied giving the plaintiff a voucher or access for his property before, during and even after the case was over and after Plaintiff's repeated pleading with the Court, his then assigned counsel Laura Teicher, Esq. And The Bronx County's District Attorney for assistance but despite Their requests all the Defendants refused to return the stolen Property, they repeatedly told him the rental car was not in their possession but it clearly was in police impound, and the plaintiff had to keep paying rental fees after his car was stolen by the defendants who then later held that same car hostage and denied the plaintiff access to all of his clothing, cash, and personal property located in that rental car, and to this day against the Plaintiff's wishes they all showed deliberate indifference and Refused to charge defendant FLEURINORD with the crimes and Criminal offenses she committed against the plaintiff, they violated the plaintiff's right to proper due process guaranteed by the Fifth Amendment of the U.S. Constitution, the prosecutor involved knew the charges filed against plaintiff were false and refused to allow the case to progress to the Grand Jury in fear of defendants guilt and when evidence appeared after Investigation that the only person(s) that had done anything Criminal was the defendant and her co-conspirators the prosecution dropped all charges filed against plaintiff after a full year of falsely accusing him of crimes and holding the rental car hostage in police impound while the plaintiff was still being charged rental fees because the defendants denied him the opportunity of reporting the crime that resulted in causing the plaintiff irreparable injuries, unbearable suffering and extreme emotional distress the court aided the defendants in destroying the plaintiff's livlihood employment and well being the defendants knew they where purposely injuring the plaintiff and the filed charges was false (see accompanying documents attached) and knowing That a grand jury would return with a finding that would have Charged defendant FLEURINORD with a crime they held the car, stole the plaintiff's property and

assisted defendant FLEURINORD with robbing the plaintiff and committed a conspiracy against Plaintiff that was criminal and highly violative of constitutional rights. THE PLAINTIFF Requests This court to file criminal charges against the Defendants and Requests compensation for the numerous violations And irreparable damages he had to suffer due to the actions of the defendants. Defendant FLEURINORD should not get away with Robbing the plaintiff for his possessions, freedom, health, and Peace of mind, the court should file charges against her Immediately no person should be able to commit crimes against a Person then be allowed to falsely incarcerate and maliciously Prosecute that same person to conceal their own criminal wrongdoing, and be helped by law enforcement authorities and be allowed to Make a complete mockery of this country's Justice System nor should the defendants be rewarded for filing false police reports and committing a conspiracy to deprive the plaintiff Of his constitutional and human rights, nor should the court Reward the Defendants for their failure in their duty as police officers to properly Investigate, properly safeguard evidence or properly voucher property in their possession that goes against their own policies, rules, and Regulations.

FIRST CAUSE OF ACTION

(False Arrest Under State Law; All Defendants)

Plaintiff repeats and realleges each and every allegation contained in this complaint mentioned above in and of this Complaint and incorporates them here.
Defendants, individually and acting in concert and/or aiding and abetting each
other, intended to confine Plaintiff.
Plaintiff was conscious of that confinement and did not consent to it.
The confinement was not privileged, not supported by probable cause, and made
in disregard of overwhelming evidence of Plaintiff's innocence. As a result of defendants' actions, Plaintiff suffered damages.
with the active cooperation of, Defendant FLEURINORD.
As a proximate result of Defendants' actions, Plaintiff has been deprived of his
vehicle, cash currency, possesions, livelihood as a courier, has incurred expenses for alternate transportation, and has suffered extreme
embarrassment, shame, anxiety, and mental distress.
Defendants at all times relevant to this action were acting under color of state law. Defendants City of New York, City of Westchester, Police officers Lopez, Bujarski, and Theos, unlawfully deprived Plaintiff
of his property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States. Defendants made an unreasonable and
warrantless seizure of Plaintiff's personal property in violation of the Fourth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.
At all times relevant hereto, Defendants acted pursuant to a policy or custom
of Defendant City of New York and County of Westchester of impounding vechiles in depriving their owners and operators of personal property without

court order and without providing an opportunity for the owners and operators of those impounded vehicles to be heard.

## SECOND CAUSE OF ACTION
(Malicious Prosecution Under State Law; All Defendants)

Plaintiff repeats and realleges each and every allegation contained in this Complaint and incorporates them here.

By virtue of the foregoing, defendants, acting in concert with and aiding and abetting each other and with additional persons for whose acts they are liable, initiated, continued and/or caused the initiation or continuation of, criminal proceedings against Plaintiff.

The criminal proceedings terminated in Plaintiff's favor.

There was no probable cause for the commencement or the continuation of the criminal proceedings.

The defendants acted with actual malice.

The City of New York and the County of Westchester is liable for defendant's actions under the principle of respondeat superior.

## THIRD CAUSE OF ACTION

(Intentional Infliction of Emotional Distress Under State Law; All Defendants)

Plaintiff repeats and realleges each and every allegation contained in this Complaint and incorporates them here.

Defendants engaged in a continuous pattern of extreme and outrageous conduct directed at Plaintiff until at least July 14, 2021 when the charges against Plaintiff were dismissed.

Defendants engaged in that pattern of conduct with an intention to cause or in reckless disregard of the substantial probability that it would cause, Plaintiff severe emotional distress.

Specifically, defendants, individually and conspiring, acting in concert with and/or aiding and abetting one another and other persons for whose acts they are liable, created

false official records to be used against Plaintiff, initiated or caused the initiation and continuation of false and unfounded criminal charges against Plaintiff while lacking probable cause to do so, and suppressed exculpatory material, from prosecutors charged with deciding whether to prosecute Plaintiff. Plaintiff suffered severe emotional distress as a result of defendants' actions.

By virtue of the foregoing, Plaintiff suffered actual and special damages.

The City is liable for defendant's actions under the principle of respondeat superior.

## FOURTH CAUSE OF ACTION

(Negligent Hiring, Training and Supervision; Defendants County of Westchester and City of New York)

Plaintiff repeats and realleges each and every allegation contained in this Complaint and incorporates them here.

By virtue of the foregoing, defendants City of New York AND County of Westchester is liable to PLAINTIFF
because of its intentional, deliberately indifferent, careless, reckless, and/or grossly negligent hiring, retention and supervision of its agents, servants and/or NYPD employees with regard to their duties, including:
(a) the duty not to use false, misleading or unreliable evidence;
(b) the continuing obligation to correct false, inaccurate, incomplete or misleading evidence and statements; and
(c) the continuing duty to obtain, to preserve and to make timely disclosure to the appropriate parties, including the court and prosecutors, during criminal investigations and prosecutions, of all material evidence or information favorable to a person suspected, accused or convicted of criminal conduct, including exculpatory evidence as well as evidence impeaching the credibility or undercutting the reliability of prosecution witnesses and including verbal as well as recorded information.

Policymaking and supervisory officials for the New York City Police Department and the City had legal and constitutional obligations to prevent their employees from violating the above duties.

Those policymakers and officials had knowledge and notice that adequate policies regarding hiring, retention and supervision were necessary with respect to rank and file police officers and their supervisors and that failing to implement such policies would result in the violation of the constitutional rights of individuals investigated and arrested by the NYPD

By virtue of the foregoing, Plaintiff suffered actual damages.

FIFTH CAUSE OF ACTION

(42 U.S.C. §1983; Malicious Prosecution; Wrongful Arrest And Detention; Evidence Manufacturing; Denial of A Fair Trial; and Deprivation of Liberty Under the Fourth, Fifth, Sixth and Fourteenth Amendments; All Defendants)

Plaintiff repeats and realleges each and every allegation contained in this Complaint and incorporates them here.

Defendants, without probable cause and in disregard of overwhelming evidence of Plaintiff's innocence, wrongfully arrested and detained him at the scene and thereafter for

assaulting Defendant FLEURINORD even though Defendant FLEURINORD denied any medical treatment for injuries at the time of the alleged incident that caused the Plaintiff's arrest.

Moreover, defendants, in absence of probable cause for Plaintiff's continued seizure, continued the seizure by submitting the false criminal complaint to prosecutors and the Bronx County Criminal Court, which continued the charges against Plaintiff and his detention and/or seizure, requiring Plaintiff to repeatedly appear in court to defend against the charges over a period of Eight or more6 months.

P.O. Lopez, Theos, and Bujarski, acting in concert and aiding and abetting the other, created misdemeanor police and complaint reports omitting exculpatory information, and alleging Plaintiff committed crimes that the plaintiff simply did not commit.
The misleading information contained in those false reports and the information omitted from them, was likely to influence a jury's decision.

Those defendants then forwarded those reports to prosecutors who in turn relied on them to commence formal criminal proceedings against Plaintiff.

Defendants' actions deprived Plaintiff of his right to not be prosecuted on fabricated evidence and to a fair trial under the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution

The individual defendants, by virtue of the foregoing, acting in concert with each other and with additional persons for whose acts they are liable, initiated, continued and/or caused the initiation or continuation of, criminal proceedings against Plaintiff.

The criminal proceedings terminated in Plaintiff's favor.

There was no probable cause for the commencement or the continuation of the criminal proceedings. The plaintiff asks the Court to recognize this fact and award damages to the plaintiff for a malicious prosecution and false arrest

The Defendants acted with actual malice.

The aforesaid conduct operated to deprive Plaintiff of his rights under the Constitution and the Laws of the United States:
(a) Not to be arrested, prosecuted, detained or imprisoned based upon false, fabricated, manufactured, misleading or inherently unreliable "evidence," including false allegations in violation of the Fourth and Fourteenth Amendments and the Due Process and Fair Trial Clauses of the Fifth, Sixth and Fourteenth Amendments, to the U.S. Constitution; and
(b) Not to be deprived of his liberty absent probable cause to believe he has committed a crime, in violation of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.
The foregoing violations of Plaintiff's federal constitutional rights by the

defendants, together with their co-conspirators and accomplices, known and unknown, directly, substantially, proximately and foreseeably caused the continuation of Plaintiff's malicious prosecution without probable cause and his other injuries and damages.

The foregoing violations of Plaintiff's rights amounted to Constitutional torts and were affected by actions taken under color of state law and within the scope of the Defendants' employment and authority.

Defendants committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, negligently and/or with deliberate indifference to Plaintiff's constitutional rights which are protected by 42 U.S.C. § 1983.

By reason of the foregoing, the defendants are liable for damages.

SIXTH CAUSE OF ACTION
(Failure To Intervene; 42 U.S.C. § 1983; Fourth, Fifth and Fourteenth
Amendments; PO Officers Lopez, Theos, and Bujarski
Plaintiff repeats and realleges each and every allegation contained in this Complaint and incorporates them here.
Defendants, who were present at the scene and had direct knowledge of the violation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights through his wrongful arrest and detention and malicious prosecution, exhibited deliberate indifference and/or gross negligence concerning Plaintiff's rights by failing to intervene to prevent the violation of those rights by their peers and subordinates, even though they had legal and constitutional obligations to do so. Rather than intervene, defendants directly participated in, ratified and aided and abetted, the violation of Plaintiff's constitutional rights as set forth above.

Each of the defendants had a realistic opportunity to intervene and prevent the harm Plaintiff suffered, a reasonable person in defendants' positions would know that PLAINTIFF's rights were being violated and none of the defendants took reasonable steps to intervene.
The defendants, by virtue of the foregoing, are liable for damages.

SEVENTH CAUSE OF ACTION
Claim Under 42 U.S.C. § 1983 for Violative Policies, Practices and Procedures
(Against The City of New York and The New York City Police Department)
Plaintiff repeats and realleges each and every allegation contained in this Complaint and incorporates them here.

The City of New York and The City of Westchester had in effect, both before and at the time of the events alleged in this complaint, policies, practices, laws, procedures, and customs which they failed to train, supervise, manage, and oversee the defendants by and negligently operated to deprive Plaintiff of his constitutional rights and committed a conspiracy against the plaintiff as well and is liable for damages.

The County of Westchester, The City of New York and The New York City Police Department are liable under 42 U.S.C. § 1983 because they established policies, practices, procedures, and customs
that were intended to and did encourage, endorse, and reward their agents and employees for violating the constitutional rights of Plaintiff and other similarly situated persons. At a minimum, the supervisors and the governmental units were deliberately indifferent to such constitutional violations.

Eighth Cause of Action
(Defamation)
Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in
all of the preceding paragraphs as if fully set forth herein.
As described above, Defendants Fluerinord and Defendant City of New York had used false information and statements regarding, the circumstances leading to Plaintiff's arrest.
These statements were untrue and defamatory in that they falsely reported.
Defendants Fluerinord and City of New York knew or should have known that such defamatory statements were false.
Defendant FLEURINORD and Defendant City of New York made such defamatory statements with knowledge of their
falsity and/or with a reckless disregard for their truth or falsity.
Defendant FLEURINORD and City of New York statements constitute defamation because they impugn Plaintiff honesty, trustworthiness, dependability, and reputation as law abiding citizen falsely claiming, inter alia, that Plaintiff Kidnapped Defendant FLEURINORD
Defendants FLEURINORD and City of New York committed a crime by causing the arrest of the plaintiff based on false statements.
Defendant Fluerinord statements constitute defamation because they accuse plaintiff of committing a crime, namely, kidnapping.
Defendants FLEURINORD and City of New York defamatory statements have Plaintiff's professional reputation and standing in his industry, have caused him economic harm, have caused him to incur special damages in the form of actual pecuniary loss, including lost income, benefits, job security and opportunities for career advancement and have caused him embarrassment, humiliation and emotional injury.
As a direct and proximate result of Defendants defamation, plaintiff has suffered, and continues to suffer, from humiliation, loss of standing in the community, loss
of self-esteem and public esteem, public disgrace and emotional distress and is now banned from renting from Enterprise car service with terminated his self employment as a courier.
As a direct and proximate result of Defendants conduct, plaintiff has suffered, and continues to suffer, harm for which he is entitled to an award of monetary damages and other relief.
Defendants defamatory statements were malicious, willful, wanton, and
done with reckless disregard for plaintiff's rights. As such, Plaintiff is entitled to an
award of punitive damages.

DAMAGES DEMAND

WHEREFORE, PLAINTIFF demands judgment against the defendants as follows:
a. For compensatory damages of not less than $10,000,000;
b. For punitive damages against the individual defendants of $10,000,000;
c. For reasonable attorneys' fees, together with costs and disbursements,
pursuant to 42 U.S.C. §1988 and to the inherent powers of this Court

This is a criminal action authorized by 28 U.S.C. Sections 1331 and 1402(b) to redress the actions of the defendants that violated 18 U.S.C. Sections 241 and 242 as well as both State and Federal Laws and deprived Plaintiff of his rights, property, possessions, and income guaranteed by the Constitution of the United States of America as well as New York Constitution under color of law.

Plaintiff repeats and realleges each and every allegation contained in this Complaint and incorporates them here, This Civil and Criminal Action is brought for redress of the false arrest, robbery, lacerny, defamation, slander, libel, false imprisonment, malicious prosecution of the Plaintiff who was subjected to a warrantless arrest that amounted to shock and extreme use of force that caused injury to the Plaintiff, said to be based on false verbal and written statements that were also perjurious, a abuse of process of law, and a malicious prosecution caused by the unlawful arrest of the plaintiff and deprivation of the rights under color of law.

This is a civil and criminal action brought for the redress of the prejudicial, perjurious, malicious, wicked, and unlawful actions of the defendants that resulted in the kidnapping of the Plaintiff, in a conspiracy committed to deprive the plaintiff of his Constitutional rights guaranteed by the U.S. Constitution and also under the color of law, the false incriminating and incarnation of the Plaintiff by the defendants by the abuse of authority as a officer of the State that caused physical and mental injuries and anguish the robbery of the plaintiff committed illegally by the defendants which violates the mandates of government law of both State and Federal Law.

The defendants at all times relevant mentioned herein violated the Civil rights of the Plaintiff under color of law, 42 U.S.C. Section 1983 and violated Federal Law under 18 U.S.C. Sections 241 and 242, defendants conspired together to rob the plaintiff led by defendant Jacqueline Fleurinord who used the defendants to aid and abet her criminal actions and conspired together to intentionally falsely incarcerate the plaintiff, maliciously Prosecute Plaintiff, defendants filed a false police report to cover up her theft of the plaintiff's property, cash and possessions, defendants were fully aware that defendant FLEURINORD stole property from the plaintiff at the time of the false arrest or on the day of, the Plaintiff called 911 and requested police assistance and stated to the responding police officers (known by defendant) that plaintiff wanted to file criminal charges against the Defendants, there was no reason to ignore the Plaintiff's request then and the plaintiff asks the Court to finally charge the defendants for the robbery they committed against the Plaintiff.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the State of New York and the City of New York;

B. An injunction and arresting Defendants and their partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, that participated in the robbery of the plaintiff on September 7, 2020;

C. An award of damages against Defendant, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages;

D. An award of damages against Defendant, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate the Plaintiff.

Respectfully Submitted:

*[signature]*

DALE J. ROBERTSON

January 5, 2024

Jan, 5, 2024

From:
Dale J. Robertson

RECEIVED
SDNY PRO SE OFFICE
2024 JAN -5 PM 3:13

To: The Southern District Court of N.Y.

Dear Clerk of the Court;

Hello my name is Dale Robertson I am the Plaintiff in docket #: 23-cv-4977 (JGK), I am a lay person in matters of law and a very poor person, I humbly ask the Court to file this Amended Complaint and to file a Amended Summons on my behalf, and mail it to the defendants in my case, I apologize to the Court and the defendants, I simply don't have the resources to personally mail and make copies of the Amended Complaint I ask the Court to renew my Poor Person's Application in this matter,

Respectfully Submitted,

Dale J. Robertson