**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DALE ROBERTSON,

                  **Plaintiff,**          23-cv-4977 (JGK)

      - against -             <u>MEMORANDUM OPINION</u>
                                <u>AND ORDER</u>

JACQUELINE FLUERINORD, ET AL.,

                  **Defendants.**

---

**JOHN G. KOELTL, District Judge:**

The plaintiff, Dale Robertson, brought this <u>pro se</u> action pursuant to 42 U.S.C. §§ 1983, 1985 and New York state law against Jacqueline Fluerinord; Westchester County (the "County"); the Elmsford Village Police Department, and Elmsford Police Officers Anthony Lopez and Christopher Bujarski (together, the "Elmsford Defendants"); the City of New York (the "City"), the New York City Police Department ("NYPD"), and NYPD Officer John Theos (together, the "City Defendants"). The County, the Elmsford Defendants, and the City Defendants move to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons stated below, the motion is **granted.**

---

[1] Fluerinord has not answered the Amended Complaint or otherwise appeared in the action. The Court addresses the plaintiff's claims against Fluerinord in a separate order.

**I.**

**A.**

The following facts are drawn from the Amended Complaint,
ECF No. 24 ("Am. Compl."). The allegations in the Amended
Complaint are accepted as true solely for the purposes of
deciding the pending motions. The plaintiff initiated this
action on June 13, 2023. ECF No. 1. On July 27, 2023, the Court
ordered the plaintiff to file an amended complaint. ECF No. 5.
The plaintiff then filed the Amended Complaint on January 5,
2024. ECF No. 24.

**B.**

The plaintiff alleges that Fluerinord, the plaintiff's
alleged former girlfriend, robbed the plaintiff. Am. Compl. at 8
(pdf pag.). The plaintiff alleges that he awoke in his hotel
room on September 7, 2020, and discovered that Fluerinord had
fled the hotel after taking the plaintiff's rental car and
personal property, including $4,000 in cash, clothing, a
cellphone, and marijuana. Id. The plaintiff tried to contact
Fluerinord and request that she return the stolen property, but
Fluerinord never answered. Id.

The Amended Complaint further alleges that, after robbing
the plaintiff, Fluerinord filed false criminal charges against
the plaintiff in order to conceal her own wrongdoing. Id. In
doing so, Fluerinord allegedly made deliberately false

statements to the police, in which she swore that the plaintiff had kidnapped, assaulted, and raped her. Id.

The plaintiff, meanwhile, had called the police to report Fluerinord's theft of his property. Id. However, the Amended Complaint alleges, the Greenburg Police then came to the hotel and arrested the plaintiff on false charges—that is, based on Fluerinord's assertion that the plaintiff had kidnapped, raped, and assaulted her. Id. The plaintiff alleges that the arresting police officers tortured him and placed him in overly restraining handcuffs, which the plaintiff alleges caused him to go into cardiac arrest. Id.

The Amended Complaint alleges that the police did not arrest, or file any charges against, Fluerinord, and appeared not to have acted on the plaintiff's allegations against Fluerinord. Id. Instead, the Amended Complaint alleges, Westchester and Bronx County conspired with Fluerinord to cover up her robbery of the plaintiff. Id. This alleged cover-up involved impounding the plaintiff's rental car without notifying the plaintiff or the rental car company of the car's location, and without permitting the plaintiff to inspect the vehicle or retrieve personal property from the car. Id. The plaintiff alleges that Westchester County and Bronx County either stole the plaintiff's personal property from the car or allowed

Fluerinord to keep the items she had stolen from the plaintiff. Id. at 8–9.

Additionally, the Amended Complaint alleges that the defendants never vouchered and never returned the plaintiff's rental car, money, or other property. Id. at 9. The plaintiff alleges that the defendants withheld his car even after the prosecuting attorneys informed police that Fluerinord had stolen the car and that the car belonged to the plaintiff. Id. The plaintiff also alleges that he attempted to retrieve his property at the New York City Courts, Greenburg Police Station, and White Plains Police Station. Id. However, each of the plaintiff's attempts to retrieve his property was unsuccessful, because the defendants allegedly lied to the plaintiff: the defendants initially told the plaintiff that the rental car was never recovered, but then claimed that the car was impounded, while refusing to voucher or at any point give the plaintiff access to the car. Id. The plaintiff alleges that he kept incurring fees for the rental car throughout this period. Id.

The Amended Complaint also alleges that the prosecutors involved with the plaintiff's case knew that the charges filed against the plaintiff were false. Id. Further, the plaintiff alleges that the prosecutors prevented the case from progressing to the Grand Jury, out of fear of the defendants' purported guilt. Id. The plaintiff alleges that once the investigation

showed the plaintiff's innocence and revealed Fluerinord's actions, the prosecution dropped all charges against the plaintiff. Id.

The Amended Complaint brings several claims against all the defendants, including claims for false arrest, malicious prosecution, and intentional infliction of emotional distress under New York law, as well as claims pursuant to 42 U.S.C. § 1983 for malicious prosecution, wrongful arrest and detention, evidence manufacturing, denial of a fair trial, and deprivation of liberty in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments. Id. at 10-12. Additionally, the Amended Complaint asserts a state law claim for negligent hiring, training, and supervision against the County and the City. Id. at 11-12. Pursuant to § 1983, the Amended Complaint asserts a failure to intervene claim against Officers Theos, Lopez, and Bujarski. Id. at 14. Additionally, the Amended Complaint brings a claim pursuant to § 1983 against the City and the NYPD for allegedly unlawful policies, practices, and procedures. Id. The Amended Complaint also asserts a claim for defamation against Fluerinord and the City. Id. at 15.

The County, the City Defendants, and the Elmsford Defendants now move to dismiss the Amended Complaint in its entirety.

**II.**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).[2] The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. When presented with a motion to dismiss pursuant to Rule 12(b)(6),

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Yajaira Bezares C. v. The Donna Karan Co. Store LLC, No. 13-cv-8560, 2014 WL 2134600, at *1 (S.D.N.Y. May 22, 2014).

### III.

Against the County, the plaintiff brings claims for false arrest; malicious prosecution; intentional infliction of emotional distress; and negligent hiring, training, and

supervision under § 1983 and state law. Am. Compl. at 10–14.[3] Because the plaintiff has not pleaded sufficient facts alleging the § 1983 claims, those claims are dismissed. Further, because the plaintiff did not plead that he filed a notice of claim, the plaintiff's state law claims are barred by statutes of limitations and those claims are also dismissed.

**A.**

42 U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The County may be held liable under § 1983 only if there is municipal liability pursuant to Monell v. Department of Social

---

[3] The Amended Complaint also purports to bring claims pursuant to 42 U.S.C. § 1985. Am. Compl. at 1, 10. Section 1985, which addresses conspiracies to interfere with civil rights, contains three separate provisions, respectively pertaining to (1) preventing officers from performing duties, (2) obstructing justice or intimidating parties, witnesses, or jurors, and (3) depriving persons of rights or privileges. 42 U.S.C. § 1985. To state a conspiracy claim under 42 U.S.C. § 1985(3), the plaintiff must allege (1) some racial or other class-based discriminatory animus underlying the defendants' actions, and (2) that the conspiracy was aimed at interfering with the plaintiff's protected rights. Sklodowska-Grezak v. Stein, 236 F. Supp. 3d 805, 809 (S.D.N.Y. 2017). To the extent that the plaintiff has attempted to allege that any of the defendants conspired to deprive the plaintiff of the equal protection of the laws in violation of § 1985(3), he has failed to allege such a violation.

Services, 436 U.S. 658, 694-95 (1978), for violation of the plaintiff's rights under § 1983. The elements of a municipal liability claim under Monell are "(1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." Agosto v. N.Y. City Dep't of Educ., 982 F.3d 86, 97-98 (2d Cir. 2020). The plaintiff has failed to allege sufficient facts supporting the County's municipal liability under Monell.

A plaintiff may show the existence of a municipal policy or custom in a number of ways, namely, by identifying 1) an express policy or custom; 2) an authorization of a policymaker of the unconstitutional practice; 3) failure of the municipality to train its employees, which exhibits a "deliberate indifference" to the rights of its citizens; or 4) a practice of the municipal employees that is "so permanent and well settled as to imply the constructive acquiescence of senior policy-making officials." Biswas v. City of New York, 973 F. Supp. 2d 504, 536 (S.D.N.Y. 2013).

In this case, the plaintiff has not sufficiently alleged a municipal policy or custom that gave rise to the alleged § 1983 violations. The Amended Complaint alleges that the County "acted pursuant to a policy or custom . . . of impounding vehicles in depriving their owners and operators of personal property without court order." Am. Compl. at 10-11. Similarly, the

Amended Complaint alleges that the County "established policies, practices, procedures, and customs that were intended to and did encourage, endorse, and reward their agents and employees for violating the constitutional rights of plaintiff and other similarly situated persons." Id. at 15. However, for such claims, "[t]he custom and policy must be described with factual specificity, rather than bare and conclusory statements." Perez v. Metropolitan Transp. Auth., No. 11-cv-8655, 2012 WL 19943943, at *4 (S.D.N.Y. May 29, 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

Accordingly, the plaintiff's § 1983 claims against the County must be dismissed.

**B.**

The plaintiff also brings state law claims against the County, including claims for false arrest, malicious prosecution, intentional infliction of emotional distress, and negligent hiring, training, and supervision. Am. Compl. at 10-12. Because the plaintiff's state law claims are barred by the statute of limitations, and because the plaintiff failed to plead that he filed a notice of claim, these state law claims must be dismissed.

The plaintiff's claims are barred by the statute of limitations. Under New York law, an action for damages against "any political subdivision of the state" may not "commence[] more than one year and ninety days after the cause of action" accrued. N.Y. CPLR § 217-a.

The plaintiff's various causes of action did not all accrue on the same date. Because causes of action based on false arrest accrue when the arrestee is released from confinement, the plaintiff's cause of action for false arrest accrued on September 7, 2020. Bellissimo v. Mitchell, 995 N.Y.S.2d 603, 605 (App. Div. 2014); Am. Compl. at 8. Because causes of action based on intentional infliction of emotional distress begin to accrue on the date of injury, that claim also began to accrue on September 7, 2020, when the plaintiff was arrested. Am. Compl. at 8; Bellissimo, 995 N.Y.S.2d at 605. Because causes of action based on negligent hiring, training, and supervision accrue on the date of the event on which the claim is based, this cause of action also began to accrue on the day of the plaintiff's arrest. Murray v. City of New York, 725 N.Y.S.2d 73, 74 (App. Div. 2001). Finally, because claims for malicious prosecution accrue on the date that the criminal proceedings against the plaintiff are terminated, that cause of action accrued on July 14, 2021. Am. Compl. at 11; Williams v. City of New York, 62 N.Y.S.3d 401, 406-07 (App. Div. 2017). In this case, the

plaintiff did not file the original complaint until June 13,
2023. ECF No. 1. Because that is well beyond the one year and
ninety day statute of limitations for all of the plaintiff's
state law claims, the plaintiff's state law claims are time-
barred. See N.Y. CPLR § 217-a.

Additionally, the plaintiff's state law claims are
dismissed for the plaintiff's failure to plead that he filed a
notice of claim. Under New York law, "no action or special
proceeding founded upon tort may be prosecuted or maintained"
against a municipality unless, among other requirements, the
plaintiff files a notice of claim with the municipality within
ninety days of the claim arising. N.Y. Gen. Mun. Law 50-e; Gym
Door Repairs, Inc. v. Young Equipment Sales, Inc., 206 F. Supp.
3d 869, 909 (S.D.N.Y. 2016). Further, in the subsequent action,
the plaintiff must plead that a notice of claim was filed. N.Y.
Gen. Mun. Law 50-e. In this case, the plaintiff has not pleaded
that a notice of claim was filed. Accordingly, the plaintiff's
state law claims must be dismissed.

**IV.**

Against the City Defendants, the plaintiff brings claims
pursuant to § 1983 for false arrest, malicious prosecution,
denial of a fair trial, and failure to intervene. Am. Compl. at
10-15. The plaintiff also brings state law claims for false
arrest, malicious prosecution, intentional infliction of

12

emotional distress, defamation, and negligent hiring, training, and supervision. Id. For the reasons discussed below, the City Defendants' motion to dismiss is granted.

**A.**

The Amended Complaint separately names the NYPD as a defendant. However, it is well-established that, under New York law, "the NYPD is a non-suable agency of the City." Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007); see also N.Y.C. Charter § 396. The plaintiff's claims against the NYPD are therefore dismissed.

**B.**

The plaintiff asserts a false arrest claim pursuant to § 1983 against the City Defendants.

In New York, to state a claim for false arrest or false imprisonment, the plaintiff must show that "(1) the defendants intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Holland v. City of Poughkeepsie, 935 N.Y.S.2d 583, 589 (App Div. 2011); see also Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (noting that a § 1983 claim for false arrest is "substantially the same" as a claim for false arrest under New York law). However, an arrest of a criminal suspect by a law enforcement officer with probable cause is a "privileged"

confinement. <u>Bennett v. Vidal</u>, 267 F. Supp. 3d 487, 493
(S.D.N.Y. 2017). Therefore, "[t]he existence of probable cause
to arrest constitutes a complete defense to an action for false
arrest, whether that action is brought under Section 1983 or
state law." <u>Id.</u> "Probable cause exists where the arresting
officer has knowledge of reasonably trustworthy information of
facts and circumstances that are sufficient to warrant a person
of reasonable caution in the belief that the person to be
arrested has committed or is committing a crime." <u>United States
v. Delossantos</u>, 536 F.3d 155, 158 (2d Cir. 2008).

In this case, the facts alleged in the Amended Complaint
establish that there was probable cause to arrest the plaintiff.
The Amended Complaint alleges that after Fluerinord filed
allegedly false charges of kidnap, rape, and assault against the
plaintiff with the police, the police sought to arrest the
plaintiff based on Fluerinord's complaints. Am. Compl. at 8.
Crucially, the plaintiff also alleges that Fluerinord swore to
the authorities that her allegations against the plaintiff were
true. <u>Id.</u> When making a probable cause determination, police
officers are entitled to rely on the victim's allegations that a
crime has been committed, <u>Martinez v. Simonetti</u>, 202 F.3d 625,
634 (2d Cir. 2000), "unless the circumstances raise doubt as to
the person's veracity," <u>Curley v. Vill. of Suffern</u>, 268 F.3d 65,
70 (2d Cir. 2001). Further, an officer is not required to

confirm independently allegations by an eyewitness or victim in order to have probable cause to arrest. Pierre v. City of New York, 05-cv-5017, 2007 WL 2403573, at *8-9 (E.D.N.Y. Aug. 17, 2007). In this case, Fluerinord's sworn allegations against plaintiff thus gave the police probable cause for arrest.

Because Fluerinord's allegations against the plaintiff gave the police probable cause to arrest the plaintiff, and probable cause constitutes a complete defense to false arrest claims, the plaintiff's false arrest claims pursuant to § 1983 and state law are dismissed. Bennett, 267 F. Supp. 3d at 493.

## c.

The plaintiff also brings a claim for malicious prosecution pursuant to § 1983 against the City Defendants. Because there was probable cause to arrest the plaintiff, the plaintiff fails to state a malicious prosecution claim pursuant to § 1983.

To establish a claim for malicious prosecution under § 1983, the plaintiff must establish the elements of a malicious prosecution claim under New York state law, as well as a violation of the plaintiff's rights under the Fourth Amendment. Manganiello v. City of New York, 612 F.3d 149, 160-61 (2d Cir. 2010). In New York, a claim for malicious prosecution requires the plaintiff to show "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for

15

commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Id. at 161. A plaintiff asserting a claim for malicious prosecution pursuant to § 1983 must establish the additional element of "(5) a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000).

Similar to a claim for false arrest, the existence of probable cause is a complete defense to a claim for malicious prosecution in New York. Manganiello, 612 F.3d at 161-62; Cooper v. City of New Rochelle, 925 F. Supp. 2d 588, 611 (S.D.N.Y. 2013). Specifically, "a malicious prosecution claim will be defeated by a finding of probable cause to arrest, unless the plaintiff can demonstrate mitigating facts to vitiate probable cause which were first uncovered after the arrest." Carson v. Lewis, 35 F. Supp. 2d 250, 263 (E.D.N.Y. 1999); see also Dukes v. City of New York, 879 F. Supp. 335, 342 (S.D.N.Y. 1995).

In this case, as noted above, the facts alleged in the Amended Complaint establish that there was probable cause to arrest the plaintiff based on the charges Fluerinord filed with the police. Further, the Amended Complaint does not suggest that Officer Theos was presented with any "mitigating facts to vitiate probable cause" after the arrest, beyond the plaintiff's denial of the charges. McKay v. City of New York, 32 F. Supp. 3d

499, 511 (S.D.N.Y. 2014). Because probable cause can still exist "where a police officer [is] presented with different stories from an alleged victim and the arrestee," Curley, 268 F.3d at 70, the plaintiff's denial of the charges against him does not negate the probable cause that Officer Theos had. Therefore, Officer Theos had probable cause to commence the proceeding against the plaintiff, and because probable cause is a complete defense to a malicious prosecution claim, the plaintiff's malicious prosecution claims are dismissed.[4]

**D.**

The plaintiff also brings a § 1983 claim against Officer Theos for denial of a fair trial. Am. Compl. at 12.

To succeed on a § 1983 fair trial claim based on fabricated evidence, a plaintiff must prove that "an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of

---

[4] In response to the plaintiff's argument in his opposition papers that Officer Theos is not shielded by qualified immunity, the City Defendants contend for the first time, in reply, that Officer Theos is entitled to qualified immunity on the plaintiff's false arrest and malicious prosecution claims. See City Defs.' Reply at 5-6, ECF No. 57. However, qualified immunity was not an argument that the City Defendants initially raised, and therefore is not a basis for the City Defendants' motion. See Clubside, Inc. v. Valentin, 468 F.3d 144, 159 n.5 (2d Cir. 2006) ("[W]e generally do not consider arguments that are raised for the first time in a reply brief."). In any event, qualified immunity is rarely a proper basis for granting a motion to dismiss. See, e.g., Chamberlain Estate of Chamberlain v. City of White Plains, 960 F.3d 100, 110-11 (2d Cir. 2020) ("[A]s a general rule, the defense of qualified immunity cannot support the grant of a Rule 12(b)(6) motion.").

life, liberty, or property as a result." Garnett v. Undercover Officer C0039, 838 F.3d 265, 279 (2d Cir. 2016). In bringing such a claim, a plaintiff "may rely on allegedly false information in the criminal complaint, as well as other documents in the record," such as "arrest paperwork." Kee v. City of New York, 12 F.4th 150, 170 (2d Cir. 2021).

In this case, the Amended Complaint does not allege adequately that Officer Theos fabricated information. The plaintiff conclusorily asserts that Officer Theos, acting in concert with Officers Lopez and Bujarski, "created misdemeanor police and complaint reports omitting exculpatory information, and alleging Plaintiff committed crimes that the plaintiff simply did not commit," that "[t]he misleading information contained in those false reports and the information omitted from them[] was likely to influence a jury's decision," and that Officers Theos, Lopez, and Bujarski "then forwarded those reports to prosecutors." Am. Compl. at 13.  The Amended Complaint does not explain what "exculpatory information" was allegedly omitted from reports that Officer Theos may have prepared, nor does it set forth any facts "regarding what precise evidence or allegations" Officer Theos purportedly fabricated in specific police reports. See, e.g., Jean-Laurent v. Cornelius, No. 15-cv-2217, 2017 WL 933100, at *7 (S.D.N.Y. Mar. 8, 2017) (finding the plaintiff's allegations conclusory

because the complaint "does not set forth any facts regarding which particular allegations were fabricated"); Armory v. Katz, No. 15-cv-1535, 2016 WL 7377091, at *9 (D. Conn. Dec. 19, 2016) (dismissing a claim where the plaintiff's only allegations were "conclusory statements that the officers' description of events were 'false'"); Longo v. Ortiz, No. 15-cv-7716, 2016 WL 5376212, at *6 (S.D.N.Y. Sept. 26, 2016) (finding that the plaintiff's allegations "fail to state with the requisite specificity the evidence that was purportedly fabricated," where the plaintiff alleged that "the defendants fabricated evidence, gave false testimony, and made false extrajudicial statements to the [DA's] Office to be used against [the plaintiff] at trial . . . in an effort to secure a search warrant, indictment and conviction").

Accordingly, the plaintiff fails to state a claim for denial of a fair trial based on fabrication of evidence against Officer Theos.

**E.**

The plaintiff also brings a claim pursuant to § 1983 against the City Defendants for deprivation of property in violation of the due process clause of the Fourteenth Amendment. Because meaningful postdeprivation remedies were available to the plaintiff, this claim fails.

To succeed on a procedural due process claim, a plaintiff must establish that (1) a deprivation of life, liberty, or

19

property occurred (2) without due process of law. Evans v. City of New York, 308 F. Supp. 2d 316, 323 (S.D.N.Y. 2004). With regard to the second element—that there was no due process of law—"the type of process due depends in part on whether the alleged violation was caused by established state procedures or by random, unauthorized acts by state employees." Ford Motor Credit Co. v. N.Y. City Police Dep't, 394 F. Supp. 2d 600, 610 (S.D.N.Y. 2005). If the alleged deprivation is the result of a random and unauthorized act by state employees, but the state provides a meaningful postdeprivation remedy, then there is no due process violation. Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996). In contrast, if the deprivation is the result of established state procedures, the availability of a postdeprivation remedy does not by itself satisfy due process. Id.

Construing the Amended Complaint liberally, the plaintiff alleges that Officer Theos, along with Officers Lopez and Bujarski, deprived the plaintiff of his property, including his rental car and the possessions in it such as his clothes, cellphone, and money, without due process of law. Am. Compl. at 9. Specifically, the plaintiff alleges that his rental car was impounded by the police without a voucher. Id. Further, the plaintiff alleges that, when he attempted to retrieve his property by going to the New York State Courts, Greenburg Police

Station, and White Plains Police Station, he was told that his car was not in their possession or was impounded, and was in each instance denied return of his property. Id.

In this case, the alleged deprivation of property suffered by the plaintiff was based on the random, unauthorized acts of the defendants. The plaintiff alleges that he received no voucher for his seized property. Id. New York City and state law entitles a person to a property voucher for property taken at the time of arrest. Because the plaintiff alleges that the defendants' deprivation of his property was contrary to the rules of established state procedure, the alleged deprivation was a random and unauthorized act. See Ochoa v. Bratton, No. 16-cv-2852, 2017 WL 5900552, at *5 (S.D.N.Y. Nov. 28, 2017).

The plaintiff had access to meaningful postdeprivation remedies, such as state law causes of action for negligence, replevin, or conversion. Id.; see also Dove v. City of New York, No. 99-cv-3020, 2000 WL 342682, at *3 (S.D.N.Y. Mar. 30, 2000); Mejia v. New York City Dep't of Corr., No. 96-cv-2306, 1999 WL 138306, at *4 (E.D.N.Y. Mar. 5, 1999). Because the plaintiff had access to meaningful postdeprivation remedies, there was no violation of due process.

For these reasons, the plaintiff's claim of deprivation of property in violation of the due process clause against the City Defendants is dismissed.

**F.**

The plaintiff brings a failure to intervene claim pursuant to § 1983 against Officer Theos. "It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). Liability attaches when (1) the officer had "a realistic opportunity to intervene to prevent the harm"; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene. See id.

In this case, the plaintiff alleges only that Officer Theos, along with Officers Lopez and Bujarski, were present at the scene of the plaintiff's arrest and were aware of, and took no steps to prevent or stop, the ongoing violation of the plaintiff's constitutional rights. Am. Compl. at 14. These "threadbare recitals of the elements of a cause of action" are insufficient to state a claim. Chavis, 618 F.3d at 170; see also Ying Li v. City of New York, 246 F. Supp. 3d 578, 619–20 (E.D.N.Y. 2017) (dismissing a claim where the plaintiff "resorts to conclusory generalized allegations asserting her failure to intervene claim against every single [d]efendant and refers to the numerous defendants collectively"); Hardy v. City of New

22

York, No. 12-cv-17, 20213 WL 5231459, at *4 (S.D.N.Y. July 9, 2013) ("This restatement of the legal standard . . . does not sufficiently allege constitutional violations in which the Individual Defendants might have intervened. Where were the officers in relation to Plaintiff and in relation to each other? What impermissible actions did they take? Which officers observed those actions? Plaintiff does not say.").

In any event, as explained above, the plaintiff has alleged no underlying constitutional violations in which Officer Theos could have intervened. See Hardy, 2013 WL 5231459, at *4 ("As a preliminary matter, the Court notes that it has dismissed Plaintiff's claims for constitutional violations. As a result, Plaintiff has alleged no violations in which the Individual Defendants could have intervened.").

For these reasons, the failure to intervene claim against Officer Theos is dismissed.

**G.**

The plaintiff's § 1983 claims against the City must be dismissed for an additional reason: failure to plead Monell liability. As with the County, the plaintiff fails to allege specific facts that plead the existence of an official policy or custom that caused the alleged violations of the plaintiff's rights. The plaintiff's conclusory assertions are insufficient

to plead a <u>Monell</u> claim against the City. Accordingly, the plaintiff's § 1983 claims against the City are dismissed.

**H.**

The plaintiff brings several state law claims against the City Defendants, including negligent hiring, training, and supervision, intentional infliction of emotional distress, malicious prosecution, false arrest, and defamation. Am. Compl. at 10–12, 15. Because the plaintiff's state law claims are barred by the applicable statute of limitations, these claims are dismissed. These state law claims are also dismissed due to the plaintiff's failure to comply with the notice of claim requirements of New York law.

The applicable statute of limitations bars the plaintiff's state law claims. The plaintiff initiated this action on June 13, 2023. ECF No. 1. A claim against the City or its employees must be initiated within one year and ninety days after the happening of the event upon which the claim is based. N.Y. Gen. Mun. Law § 50-i(1). In this case, the plaintiff's various state law claims either accrued on the date of the plaintiff's arrest, September 7, 2020, or the date of the termination of the criminal proceedings in favor of the plaintiff, July 14, 2021. <u>See</u> Am. Compl. at 8, 11. Because the plaintiff initiated the action long after the one year and ninety days statute of

24

limitations period had passed, the plaintiff's state law claims must be dismissed.

Additionally, the plaintiff failed to comply with the notice of claim requirements of N.Y. General Municipal Law § 50-i. As was true for the County, the plaintiff's failure to file a timely notice of claim and plead that he had done so requires that his state law claims against the City be dismissed. See PBS Bldg. Systems, Inc. v. City of New York, No. 94-cv-3488, 1996 WL 583380, at *3 (S.D.N.Y. Oct. 10, 1996). In this case, the plaintiff has at no point pleaded that any notice of claim was filed. Because the plaintiff has not complied with the notice of claim requirements, the state law claims against the City Defendants are dismissed.

**V.**

Finally, the plaintiff brings claims pursuant to § 1983 and state law against the Elmsford Police Department and Elmsford Police Officers Lopez and Bujarski. The plaintiff's state law claims include false arrest, malicious prosecution, and intentional infliction of emotional distress. Am. Compl. at 10-11. The plaintiff's § 1983 claims include malicious prosecution, wrongful arrest, evidence manufacturing, denial of a fair trial, deprivation of liberty or property in violation of the Fourteenth Amendment, and failure to intervene. Id. at 12-14. For the reasons discussed below, all of the plaintiff's claims

against the Elmsford Police Department and Officers Lopez and
Bujarski are dismissed.

**A.**

The plaintiff fails to allege facts that plausibly state a
§ 1983 claim against Officers Lopez and Bujarski. A plaintiff
must plead the personal involvement of each defendant in an
alleged violation of § 1983. A'Gard v. Perez, 919 F. Supp. 2d
394, 406 (S.D.N.Y. 2013).

In this case, the Amended Complaint fails to allege facts
showing the personal involvement of Officers Lopez or Bujarski
in any plausible constitutional violation. The plaintiff alleges
that the officers "acted in a criminal manner while on duty
during the time of the plaintiff's malicious and false
prosecution," and that they unlawfully deprived the plaintiff of
his property without due process. Am. Compl. at 9-10. The
plaintiff also alleges that Officers Lopez and Bujarski, acting
in concert with NYPD Officer Theos, created misdemeanor police
and complaint reports that omitted exculpatory information and
alleged crimes the plaintiff did not commit. Id. at 13. As
explained above with respect to Officer Theos, the plaintiff's
allegations are wholly conclusory and therefore inadequate to
plead any constitutional violation, let alone Officers Lopez's
and Bujarski's personal involvement. Moreover, the plaintiff
alleges that he was arrested by the Greenburg Police, rather

26

than the Elmsford Police. Id. at 8. Although the Court is "obligated to draw the most favorable inferences" that the Amended Complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Chavis, 618 F.3d at 170.

For those reasons, the § 1983 claims against Officers Lopez and Bujarski are dismissed.

**B.**

The plaintiff's § 1983 claims against the Elmsford Police Department are also dismissed. Because the Elmsford Police Department is an administrative arm of the Village of Elmsford, "it does not have a legal identity separate and apart from the municipality and thus cannot be sued." Williams v. City of White Plains, 718 F. Supp. 2d 374, 381 (S.D.N.Y. 2010); see also Fanelli v. Town of Harrison, 46 F. Supp. 2d 254, 257 (S.D.N.Y. 1999).

Additionally, even if the Amended Complaint were construed to sue the Village of Elmsford rather than the Elmsford Police Department, the plaintiff has failed to allege any facts supporting Monell liability. The Amended Complaint does not allege a single fact supporting any policy or custom of the Village of Elmsford that caused the alleged constitutional violations. Accordingly, the plaintiff's § 1983 claims against

the Elmsford Police Department (or against the Village of Elmsford) must be dismissed.

### C.

As with the state law claims against the City and Westchester County, the plaintiff fails to allege that he complied with the requirements of N.Y. General Municipal Law § 50-i. In this case, the plaintiff has not pleaded that any notice of claim was filed or that the plaintiff complied with the other requirements of N.Y. General Municipal Law § 50-i. Accordingly, the plaintiff's state law claims against the Elmsford Defendants must be dismissed.

### D.

The plaintiff's § 1983 claims against Officers Lopez and Bujarski pertaining to the plaintiff's September 7, 2020 arrest are also barred by the statute of limitations.

Although the plaintiff was arrested on September 7, 2020, the plaintiff did not name Officers Lopez and Bujarski in this action until the plaintiff filed the Amended Complaint on January 5, 2024. ECF No. 24. In New York, the statute of limitations for § 1983 claims is three years. Pearl v. City of Long Beach, 296 F. 3d 76, 79 (2d Cir. 2002). Because over three years had passed between plaintiff's arrest and plaintiff's filing of the amended complaint, the plaintiff's claims against Officers Lopez and Bujarski are barred unless they relate back

to the date of the original pleading pursuant to Federal Rule of Civil Procedure 15(c).

Rule 15(c) provides three ways in which an amendment to a pleading may relate back to the date of the original pleading. Specifically, an amendment to a pleading relates back when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed R. Civ. P. 15(c). Because the plaintiff seeks to amend the complaint to substitute named defendants for the John Doe defendants, Rules 15(c)(1)(A) and Rules 15(c)(1)(C) are most relevant on this motion.

In this case, relation back is unavailable under Rule 15(c)(1)(A). For § 1983 claims in cases involving John Doe arising in New York, courts analyzing relation back look to N.Y. CPLR § 1024. See Hogan v. Fischer, 738 F.3d 509, 518–19 (2d Cir. 2013). "To take advantage of § 1024, a party must meet two

requirements. . . . First, the party must exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name. . . . Second, the party must describe the John Doe party in such form as will fairly apprise the party that he is the intended defendant." Id. at 519.

The plaintiff failed to satisfy either requirement of CPLR § 1024. First, there is no indication that the plaintiff exercised due diligence to identify the John Doe defendants within the three-year statute of limitations. The plaintiff has provided no information regarding any pre-filing efforts he may have made to identify Officers Lopez and Bujarski. See, e.g., Williams v. United States, No. 07-cv-3018, 2010 WL 963474 (S.D.N.Y. Feb. 25, 2010), report & recommendation adopted, 2010 WL 963465 (S.D.N.Y. Mar. 16, 2010) ("Plaintiff could have filed FOIL requests or written letters to the USAO [to identify the individual defendants]. . . . Even if unsuccessful, this would have at least evinced some degree of diligence.").

Second, the plaintiff's original complaint did not describe the John Doe defendants "in such form as will fairly apprise the part[ies] that [they are] the intended defendant[s]." Hogan, 738 F.3d at 519. In fact, the original complaint, like the Amended Complaint, alleges that the plaintiff was arrested by the Greenburg police, not the Elmsford police. See Compl. at 5 (pdf pag.), ECF No. 1. Accordingly, the plaintiff's original

complaint did not "provide[] enough detail to give notice to the John Does that they [were] the intended defendants." Hogan, 738 F.3d at 519.

Relation back is also unavailable under Rule 15(c)(1)(C). The Second Circuit Court of Appeals has held that, "although Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties, the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." Id. at 517-18. Because the plaintiff's "lack of knowledge of a John Doe defendant's name does not constitute a mistake of identity," the plaintiff is time-barred from amending his complaint under Rule 15(c)(1)(C). Id. at 518.

In sum, the plaintiff's § 1983 claims against Officers Lopez and Bujarski are barred by the statute of limitations.

### CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the motion to dismiss the Amended Complaint with respect to the County, the City Defendants, and the Elmsford Defendants is **granted.** If the plaintiff wishes to file a Second Amended Complaint, the plaintiff should file a motion for leave to file such a complaint with a copy of the proposed amended

31

complaint and an explanation of how such a complaint would resolve the issues identified by the Court. Any such motion must be filed by **December 6, 2024.** If the plaintiff fails to file such a motion, the claims against the County, the Elmsford Defendants, and the City Defendants will be dismissed with prejudice. The Clerk is directed to mail a copy of this Memorandum Opinion and Order to the pro se plaintiff and to note mailing on the docket. The Clerk is respectfully requested to close ECF Nos. 43, 48, and 50.

**SO ORDERED.**

**Dated:     New York, New York**
**            November 8, 2024**

_____
**John G. Koeltl**
**United States District Judge**