```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---------------------------------------------------------------

DALE ROBERTSON,

                     Plaintiff,        23-cv-4977 (JGK)

      - against -                ORDER

JACQUELINE FLUERINORD, ET AL.,

                     Defendants.
---------------------------------------------------------------

JOHN G. KOELTL, District Judge:

    On December 9, 2024, the Court received a letter from the plaintiff. See ECF No. 70. The plaintiff seeks a default judgment against Fluerinord, one of the defendants; moves for reconsideration of the Court's November 8, 2024 Memorandum Opinion and Order, ECF No. 68; seeks leave to file a Second Amended Complaint; and moves to proceed in forma pauperis on appeal.

    As to Fluerinord, the plaintiff should follow the procedure for obtaining a default judgment, including obtaining a Certificate of Default from the Clerk and then moving by an Order to Show Cause for a default judgment, as set forth on page 9 of this Court's Individual Practices. A copy of the Court's Individual Practices is attached. The Court directed the plaintiff to prepare an Order to show cause for a default judgment against Fluerinord by an Order dated November 8, 2024, a copy of which is attached.

As to the request for reconsideration, the motion is **denied**. The plaintiff relies on the fact that he was an alleged member of the class in Jones v. City of New York, No. 17-cv-7577, but Jones has nothing to do with the allegations in this case and has no collateral estoppel or res judicata effect with respect to any of the issues in this case. Jones concerned the class members' delay in obtaining release from detention after bail was posted—not an issue in this case. Otherwise, the plaintiff has failed to show that there was anything incorrect in the Court's decision.

The application to file a Second Amended Complaint is **denied** because the plaintiff has failed to attach a copy of the proposed amended complaint or to explain how such a complaint would resolve the defects that the Court identified in its prior Memorandum Opinion and Order.

As to the motion for leave to proceed in forma pauperis on appeal, "[t]he decision of whether to grant a request to proceed in forma pauperis is left to the District Court's discretion under 28 U.S.C. § 1915. The Court's discretion is limited in that: An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Burda Media Inc. v. Blumenberg, 731 F. Supp. 2d 321, 322-23 (S.D.N.Y. 2010) (citations and internal quotation marks omitted). The "good faith" standard is an objective one, and it

is not met when a party seeks review of a frivolous claim. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Linden v. Harper & Row Publishers, 490 F. Supp. 297, 300 (S.D.N.Y. 1980) (applying the objective good faith standard in the civil context). In this case, the Court has carefully considered the plaintiff's claims and found that they are without merit. Therefore, the application for leave to proceed in forma pauperis on appeal is **denied**, without prejudice to the plaintiff's ability to seek the same relief from the Court of Appeals.

The Court also notes that any appeal would be premature at this point because no final judgment on all claims against all parties has been entered. The claims against Fluerinord remain outstanding.

The Clerk is respectfully directed to mail a copy of this Order to the pro se plaintiff and to note mailing on the docket.

**SO ORDERED.**

**Dated:**   **New York, New York**
            **December 12, 2024**

_____
John G. Koeltl
United States District Judge